## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

GLEN THOMAS DOTSON                                                          PETITIONER

V.                                    NO. 4:19-CV-00828-JM-JTR

DEWAYNE HENDRIX,
Warden, FCI-Low, Forrest City                                               RESPONDENT

## RECOMMENDED DISPOSITION

### Instructions

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Pending before the Court is a 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus filed by Petitioner, Glen Thomas Dotson ("Dotson"), who is currently

incarcerated at the Federal Medical Center in Springfield, Missouri.[1] *Doc. 1*. Dotson challenges the validity of a sentence imposed by the United States District Court for the Eastern District of Missouri in *United States v. Jackson, et al.*, Case No. 4:05-CR-00605 HEA ("*Dotson I*").[2]  More specifically, Dotson contends that his constitutional rights were violated because:  (1)  the original Judgment and Commitment Order erroneously cited 18 U.S.C. § 922(g)(1) as the statute under which he was convicted for "conspiracy to deliver a firearm to a convicted felon" and erroneously cited 18 U.S.C. § 924(e)(1) as the statute under which he was sentenced for the conviction;[3] (2)  after later entering an Amended Judgment that cited the correct statutes of conviction and punishment, the trial court erred in not allowing Dotson a resentencing hearing;  and (3)  his co-defendant, Virgil Jackson, was sentenced to 120 months, while he was sentenced to 240 months.

---

[1] Dotson was incarcerated at the Federal Correctional Institution in Forrest City, Arkansas when he filed his Petition.

[2] A copy of the docket sheet from *Dotson I* is attached as Exhibit D to Respondent's Response. *Doc. 10-4*.

[3] The Judgment and Commitment Order should have specified that Dotson was convicted for violating § 922(d)(1) (knowingly receiving and possessing a firearm and then delivering it to a known felon) and sentenced under § 924(a)(2), which describes the punishment for violating § 922(d)(1).

2

On May 12, 2008, a jury found Dotson guilty of conspiracy to commit murder-for-hire (Count I) *and* conspiracy to deliver a firearm to a convicted felon (Count II). *Dotson I.* On October 9, 2008, Dotson was sentenced to 120 months of imprisonment on each of those counts, which resulted in Dotson receiving an aggregate sentence of 240 months.

On direct appeal, Dotson challenged the sufficiency of the evidence supporting his convictions, and the calculation of his sentencing range on his conviction for murder-for-hire. On July 7, 2009, the Eighth Circuit rejected those arguments and affirmed his conviction and sentence on both counts. *United States v. Dotson*, 570 F.3d 1067 (8th Cir. 2009).

On May 14, 2010, Dotson filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. The trial court rejected all of Dotson's ineffective assistance of counsel and due process claims. *See Dotson v. United States*, No. 4:10-cv-00888 HEA (E.D. Mo. April 18, 2013) ("*Dotson II*"). The Eighth Circuit denied Dotson's request for a certificate of appealability. *Dotson v. United States*, No. 13-2002 (8th Cir. October 31, 2013).[4]

---

[4] A copy of this Judgment is attached as Exhibit C to Respondent's Response. *Doc. 10-3.*

On April 13, 2017, Dotson filed a "Motion to Recall Case Due to Incorrect Information on the Judgment and Committal" in *Dotson I*. Dotson argued that he was entitled to be resentenced because the Judgment erroneously cited the wrong statute under which he was convicted of "conspiracy to deliver a firearm to a convicted felon" and the wrong statute under which he was sentenced for that conviction. On May 8, 2017, the trial court entered a text order denying the motion.[5] *Dotson I*, *Doc. 336, 337*.

On June 21, 2017, the district court, *sua sponte*, entered an Amended Judgment that corrected the citation errors to reflect that Dotson was sentenced on Count II for "violating 18 U.S.C. § 922(d)(1), and punishable under 18 U.S.C. § 924(a)(2)." *Both* the original Judgment and Amended Judgment *correctly stated* that Dotson was serving two consecutive 120-month sentences for his convictions on the offenses charged in Counts I and II of the Indictment. *See* Judgment and Amended Judgment, copies of which are attached as Exhibits A and B to Respondent's Response, *Docs. 10-1 and 10-2*.

---

[5] The original Judgment and Commitment Order correctly described the offense for which Dotson was convicted in Count II of the Indictment: "knowingly receive[ing] and possess[ing] a firearm, then deliver[ing] it to a known felon," but incorrectly cited the statutory offense as "18 U.S.C. § 922(g)(1)" and incorrectly cited the corresponding punishment statute as 18 U.S.C. § 924(e)(1).

4

Thus, the trial court acknowledged and corrected the citation error in the original Judgment, but rejected Dotson's argument that this clerical error required him to be resentenced. *See* Fed. R. Cr. Pr. 36 ("After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.").

Dotson appealed from the trial court's entry of the Amended Judgment. The Eighth Circuit summarily affirmed the trial court. *United States v. Dotson*, No. 17-2564 (8th Cir. Jan. 22, 2018).[6]

On May 5, 2017, Dotson filed a § 2241 habeas action in which he argued that, based on the clerical error in the original Judgment, he was convicted and sentenced for a crime that was not charged in Count II of the Indictment. *Dotson v. Beasley*, E.D. Ark. No. 2:17-cv-00077-KGB ("*Dotson III*"). On August 18, 2017, United States District Court Judge Kristine G. Baker entered an Order holding that Dotson was *not* entitled to the benefit of § 2255's savings clause, which meant the Court lacked subject matter jurisdiction over Dotson's habeas action. *Dotson III, Docs. 10, 12, & 13*.

---

[6] A copy of the Eighth Circuit's Judgment is attached as Exhibit F to Respondent's Response, *Doc. 10-5*.

On January 24, 2019, Dotson filed a second motion to vacate his conviction under § 2255 in the Eastern District of Missouri. *Dotson v. United States*, E. D. Mo. No. 4:19-CV-113 HEA ("*Dotson IV*"). Dotson argued that he was "sentenced under the wrong charges" and his sentence was amended without a resentencing. The trial court summarily dismissed this motion because Dotson had not obtained the required certification from the Eighth Circuit to pursue a second or successive § 2255 motion. *Dotson IV*, 2019 WL 1254696 (E.D. Mo. Mar. 19, 2019).

On May 15, 2019, Dotson requested permission from the Eighth Circuit to file a second or successive § 2255 motion. On October 3, 2019, the Eighth Circuit denied Dotson's request. *Dotson v. United States*, No. 19-1985 (8th Cir. Oct. 3, 2019).

On November 15, 2019, Dotson initiated this § 2241 habeas action in which he claims that: (1) he was sentenced on the wrong charges; (2) his due process rights were violated by the entry of the Amended Judgment without a new sentencing hearing; and (3) he was charged and convicted of an unconstitutionally vague offense under § 924(e)(1).[7] *Doc. 1*. On January 8, 2020, Respondent filed a

---

[7] On its face, Dotson's challenge to § 924(e)(1) is frivolous. As previously explained, the original Judgment erroneously cited § 924(e)(1) as the statute under which Dotson's sentence was imposed. In the Amended Judgment, the sentencing court corrected that clerical error to reflect that Dotson's sentence was imposed under § 924(a)(2).

6

Motion to Dismiss. *Doc. 10*. On January 31, 2020, Dotson filed a Response opposing Respondent's Motion to Dismiss and raising the *new claim* that the Bureau of Prisons ("BOP") erred in its "sentence classification," without explaining anything about the alleged "classification" error. *Doc. 14* at 4.

For the reasons explained below, all of Dotson's habeas claims should be dismissed.

## II. Discussion

### A. The Court Lacks Jurisdiction to Consider Dotson's Challenges to His Conviction and Sentence

Jurisdiction over a federal prisoner's collateral attack on his conviction or sentence is governed by the well-recognized distinction between claims that attack the *validity* of a federal conviction or sentence, and claims that challenge the *execution* of a federal sentence. As a general rule, collateral challenges to a federal conviction or sentence *must* be raised in a motion to vacate filed in the *sentencing court* under 28 U.S.C. § 2255, rather than by a habeas petition filed in the *court of incarceration* under 28 U.S.C. § 2241. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010); *Abdullah v. Hedrick,* 392 F.3d 957, 959 (8th Cir. 2004). Because a § 2255 motion attacks the validity of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court

7

which convicted and sentenced the federal prisoner. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983).

A limited exception to this rule is found in the "savings clause" of § 2255(e), which permits a federal court in the district of incarceration to entertain a § 2241 habeas petition challenging the validity of a conviction or sentence *only if* the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *Hill v. Morrison,* 349 F.3d 1089, 1091 (8th Cir. 2003). However, a habeas petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Lopez-Lopez*, 590 F.3d at 907; *Hill,* 349 F.3d at 1091.

For the "savings clause" to apply, "more is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion." *United States v. Lurie,* 207 F.3d 1075, 1077 (8th Cir. 2000). A § 2255 motion is not "inadequate or ineffective" merely because: (1) "§ 2255 relief has already been denied;" (2) the "petitioner has been denied permission to file a second or successive § 2255 motion;" (3) "a second or successive § 2255 motion has been dismissed;" or (4) the "petitioner has allowed the one year statute of limitations and/or grace period to expire." *Id.*

In addition, the Eighth Circuit has consistently held that the "savings clause" may not be invoked to raise an issue under § 2241 which *could have been*, or actually was, raised in a direct appeal or a § 2255 motion in the sentencing district. *Lopez-*

8

*Lopez*, 590 F.3d at 907; *Hill*, 349 F.3d at 1092; *Nichols v. Symmes*, 553 F.3d 647, 650 (8th Cir. 2009).

Dotson, *once again*, has initiated a § 2241 action in the Eastern District of Arkansas which seeks to challenge his conviction and sentence imposed by the trial judge in the Eastern District of Missouri in *Dotson I*. All of his claims challenging his conviction and sentence are based on the same or similar arguments that he unsuccessfully raised in his first and second § 2255 motions filed with the sentencing court.

Dotson has failed to establish that the § 2255 remedy he pursued, unsuccessfully, was inadequate or ineffective to test the legality of his sentence. Thus, this Court lacks subject matter jurisdiction, under § 2241, to consider any of the claims in this action.

### B. The Court Lacks Jurisdiction to Review or Alter the BOP's Sentence Classification.

In Dotson's new habeas claim, he makes the entirely conclusory allegation that the BOP erred in its "sentence classification." This Court lacks subject matter jurisdiction to consider that claim under § 2241.

If a habeas petitioner is *not* challenging the validity of his criminal conviction or sentence, or the length of his confinement, a habeas court lacks jurisdiction to grant relief. *Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014) (use of

9

restraints); *Kruger v. Erickson*, 77 F.3d 1071, 1073-74 (8th Cir. 1996) (taking of blood sample) ("Where a petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state [or federal] custody, the district court lacks the power or subject matter jurisdiction to issue a writ.").

Dotson's challenge to the BOP's classification decision does *not* attack the duration of his confinement or the constitutionality of his detention. Sentence classification errors may impact a prisoner's *conditions of his confinement* (such as what programs he is eligible to participate in or where he is housed), but they do not affect the length, duration, or validity of a prisoner's sentence.

Thus, properly characterized, Dotson is asserting a conditions of confinement claim that is *not* cognizable in a § 2241 habeas action.[8] *See Rodebaugh v. Haynes*,

---

[8] The Court has considered whether Dotson's challenge to the BOP's classification decision states a "potentially viable" conditions of confinement claim under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). *See Spencer*, 774 F.3d at 469-70 (8th Cir. 2014) (when a habeas petition asserts conditions of confinement claims that are not cognizable in habeas, before dismissing the petition, the court should consider whether a petitioner raises a "potentially viable" constitutional claim and, if so, offer petitioner the opportunity to recharacterize the claim and to convert the action into a civil rights action).

Because Dotson's challenge to his BOP classification does not constitute a potentially viable due process claim, it would be futile to offer him the opportunity to convert this case into a *Bivens* action. Numerous courts have rejected similar constitutional challenges to the BOP's classification decisions. *Wilks v. Mundt*, 25 Fed. Appx. 492, 2002 WL 113837 (8th. Cir. 2002) (§ 2241 habeas petitioner's claim that BOP wrongfully refused to remove a Sex Offender PSF designation, thus making him ineligible to participate in a drug treatment program that could have resulted in his early release, "failed to implicate a protected liberty interest upon which he could base his procedural due process claim") (unpublished decision); *Marti v. Nash*, 227 Fed. Appx. 148, 150 (3rd Cir. 2007) (federal prisoner's challenge to his "Greatest Severity" PSF failed because

No. 2:13-cv-00011-DPM-BD, 2013 WL 1001436 (E.D. Ark. March 13, 2013) (Order adopting Recommended Disposition and dismissing, for lack of habeas corpus jurisdiction, Rodebaugh's § 2241 Petition challenging the BOP's Sex Offender PSF designation); *Butler v. Outlaw*, No. 2:08-cv-00192-JLH/JTR, 2010 WL 1417910 (E.D. Ark. April 6, 2010) (Order adopting Recommended Disposition concluding petitioner's due process challenge to his Sex Offender PSF failed to state a cognizable § 2241 claim, especially since the only adverse consequences alleged were inability to participate in certain programs and ineligibility for transfer to a camp facility).[9]

---

had no due process right to any particular security classification) (unpublished decision); *Day v. United States Dep't of Justice*, 275 Fed. Appx. 90, 91 (3rd Cir. 2007) (district court did not err in rejecting federal prisoner's claim that assignment of PSF deprived him of liberty without due process: "[prisoner] had no liberty interest in the degree of his confinement") (unpublished decision).

[9] *See also Levi v. Ebbert*, 2009 WL 2169171 (M.D. Pa. 2009) (§ 2241 habeas petitioner who claimed that the BOP's Public Safety Factor calculation violated his due process rights failed to state a habeas claim: Petitioner's claim was in substance a conditions of confinement claim cognizable in a civil rights lawsuit, and "not cognizable in a § 2241 habeas petition") (unpublished decision); *Pinkney v. United States Dep't of Justice*, 2009 WL 277551 (N.D. W.Va. 2009) (§ 2241 habeas petitioner's claim that the BOP improperly assigned higher Public Safety Factor scores to District of Columbia inmates was not cognizable in a habeas action: "Because the remedy to this challenge would be a recalculation of [the petitioner's] security level, rather than a recalculation of the duration of his confinement ... the claim properly should be raised in a civil rights complaint, not raised through § 2241.").

## III. Conclusion

IT IS THEREFORE RECOMMENDED that, because the Court lacks subject matter jurisdiction over all of the claims asserted in Petitioner Glen Thomas Dotson's Petition for a Writ of Habeas Corpus, *Doc. 1*, this action be DISMISSED, without prejudice.

Dated this 12th day of February 2020.

_____
UNITED STATES MAGISTRATE JUDGE